UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DAVID EBERLY, II.,**

    **Plaintiff,**

                                              **Civil Action 2:20-cv-4127**
    v.                                  **Judge James L. Graham**
                                              **Chief Magistrate Judge Elizabeth P. Deavers**

**DAVID GRAY,**

    **Defendant.**

## REPORT AND RECCOMMENDATION

On August 12, 2020, David Eberly, II, a state inmate proceeding without the assistance of counsel, filed a Complaint against David Gray styled as a Petition for Writ of Habeas Corpus alleging violations of his civil rights related to the conditions of his confinement.  (ECF No. 1.) Defendant did not pay the requisite filing fee and did not file an application to proceed *in forma pauperis*, so the Court issued a Notice of Deficiency on August 13, 2020.  (ECF No. 2.)  On August 14, 2020, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis.*  (ECF No. 3.) For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion (ECF No. 3) be **DENIED**.

To ensure access to courts, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees if the applicant demonstrates by affidavit the inability to pay such fees. The United States Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, (1948), set forth the legal standards governing applications to proceed *in forma pauperis*.  The *Adkins* Court advised that "one must not be absolutely destitute to enjoy the benefit of the statute" and that the statute does not require an individual to "contribute . . . the last dollar they

have or can get." *Id. at* 339.  The Court explained that "[t]he public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support." *Id.*  Rather, what is required is a demonstration via affidavit that "because of his [or her] poverty," the applicant cannot pay the fee and continue to provide for the necessities of life. *Id.*  Courts evaluating applications to proceed *in forma pauperis*, generally consider an applicant's employment, annual income and expenses, and any other property or assets the individual possesses. *Giles v. Comm'r of Soc. Sec.*, No. 14-CV-11553, 2014 WL 2217136, at *1 (E.D. Mich. May 29, 2014).

 Here, the information set forth in Plaintiff's *in forma pauperis* application does not demonstrate his inability to pay.  Plaintiff's application indicates that, as of August 4, 2020, he had $2,316.29 in his account, and that he regularly receives deposits into his account.  (ECF No. 3 at 2.)  Even though Plaintiff has little or no monthly income, federal courts have consistently considered "other financial resources" in determining a litigant's ability to pay. *Ciavarella v. Comm'r of Soc. Sec.,* No. 5:13-CV-2031, 2013 WL 5354091 at *1 (N.D. Ohio Sept. 24, 2013). It does not appear, considering Plaintiff's regular access to funds, that the cost of filing the instant matter is beyond his means.

Plaintiff appears to pursue this case as a Petition for Writ of Habeas Corpus, but the allegations in his Complaint relate to the conditions of his confinement and he does not challenge the validity of his criminal conviction.  (*See* ECF No. 1.)  Claims regarding conditions of confinement are properly brought under § 1983. *McKissic v. Barr,* No. 1:20-CV-526, 2020 WL 3496432, at *2 (W.D. Mich. June 29, 2020) (citing *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004)).  Courts have recognized that claims regarding the constitutionality of custody in prison because of risks posed by COVID-19 are principally claims regarding the conditions of

confinement. (*Id.*) Accordingly, such claims are properly raised by way of a complaint for violation of 42 U.S.C. § 1983. (*Id.*)

It is therefore **RECOMMENDED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* be **DENIED** and that Plaintiff be **ORDERED** to pay the full filing fee of $400.00 within **TWENTY-ONE (21) DAYS** of an Order adopting this Report and Recommendation, and that Plaintiff be **ADVISED** that his failure to pay the full fee within twenty-one (21) days will result in the dismissal of the action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002). If Plaintiff submits the full filing fee in a timely manner, the Court will conduct an initial screening of the Complaint to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The Court will then enter an appropriate order and direct service of summons and complaint on Defendants.

It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiffs leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy.

Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date:  August 24, 2020            /s/ *Elizabeth A. Preston Deavers*
                                                  ELIZABETH A. PRESTON DEAVERS
                                                  CHIEF UNITED STATES MAGISTRATE JUDGE