IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

David Eberly, II,

    Plaintiff,

  v.                               Case No. 2:20-cv-4127

David Gray,

    Defendant.

ORDER

Plaintiff David Eberly, II, a state inmate proceeding pro se, has filed two motions for leave to proceed in this case in forma pauperis under 28 U.S.C. §1915(a). On August 24, 2020, the magistrate judge issued a report and recommendation recommending that plaintiff's request for leave to proceed in forma pauperis be denied, and that plaintiff be ordered to pay the full filing fee of $400.00 within twenty-one days.

The magistrate judge observed that as of August 4, 2020, plaintiff had $2,316.29 in his account. The magistrate judge concluded that plaintiff's application did not demonstrate his inability to pay the filing fee in this case. The magistrate judge further noted that although plaintiff indicated in his complaint that he was seeking a writ of habeas corpus, the allegations in his complaint related to the conditions of his confinement, and that he did not challenge the validity of his criminal conviction. The magistrate judge concluded that plaintiff's claims regarding conditions of confinement are properly brought under 42 U.S.C. §1983. See McKissic v. Barr, No. 1:20-CV-526, 2020 WL 3496432, at *2 (W.D. Mich. June 29, 2020)(citing Martin v. Overton, 391 F.3d 710, 714 (6th Cir. 2004). The magistrate judge recommended that

plaintiff be ordered to pay the full filing fee of $400.00.

If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

On August 31, 2020, plaintiff filed an objection to the report and recommendation. Plaintiff's only objection is to the magistrate judge's characterization of his action as being one under §1983. If plaintiff's complaint is considered to be a petition for writ of habeas corpus, the filing fee is $5.00. If plaintiff's complaint is construed as being a civil rights action under §1983, then the filing fee is $400.00.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §2254(a). A federal court's authority in a habeas proceeding under §2254 generally extends only to determining the legality of a petitioner's state-court conviction and sentence. See Nelson v. Campbell, 541 U.S. 637, 643 (2004).

Courts have concluded that challenges to administrative orders revoking good-time credits must be made in a habeas corpus petition because they contest the duration of custody. See Prieser v. Rodriquez, 411 U.S. 475, 484 (1973); Martin, 391 F.3d at 714. However, the line between habeas proceedings and §1983 actions has

2

blurred over time.  In Wolff v. McDonnell, 418 U.S. 539, 554-55 (1974), the Supreme Court held that a claim for damages based on a challenge to the procedures employed by the state in imposing sanctions on a prisoner, including the loss of good-time credits, was cognizable under §1983.  Later, in Edwards v. Balisok, 520 U.S. 641, 645 (1997), the Court concluded that an attack on the procedures regarding the loss of good-time credits may not be cognizable under §1983 without a showing under Heck v. Humphrey, 512, U.S. 477 (1994) that the state conviction or sentencing had been invalidated.  However, in Spencer v. Kemna, 523 U.S. 1, 17 (1998), the Supreme Court stated that a claim for damages for using the wrong procedures, as opposed to reaching the wrong result, does not implicate Heck and is cognizable under §1983.  See also Wilkinson v. Dotson, 544 U.S. 74, 81-92 (2005)(a suit challenging the constitutionality of applying new parole guidelines was proper under §1983).

In contrast, claims which address conditions of confinement, including transfer to a new prison, placement in administrative segregation, exclusion from prison programs, and other claims arising from day-to-day treatment in prison, must be brought in a civil rights action.  See Martin, 391 F.3d at 714; Grace v. Warden NCCC, No. 3:14CV1480, 2015 WL 137595, at *1 (N.D. Ohio Jan. 9, 2015).  See also McKissic, 2020 WL 3496432, at *2 (plaintiff's claims regarding the constitutionality of his custody in prison because of risks posed by COVID-19 are principally claims regarding the conditions of his confinement which should be raised under §1983).

At the beginning of his complaint, plaintiff requested the

3

issuance of a writ of habeas corpus. However, the label which a plaintiff applies to a pleading does not determine the nature of the cause of action. Minger v. Green, 239 F.3d 793, 799 (6th Cir. 2001). Thus, this court must examine the allegations in plaintiff's complaint. Plaintiff challenges the manner in which the warden has addressed the COVID-19 emergency. Plaintiff alleges that he will lose earned credits because of the decision to place him in quarantine, thereby violating his right to earn credit as a janitor's apprentice under Ohio Rev. Code §2967.193 and his due process rights, and placing him in danger. Doc. 1, pp. 2, 9. He also alleges that he has been confined in a manner which exposed him to imminent danger and the risk of serious harm in violation of his Eighth Amendment and due process right to be free from cruel and unusual punishment. Doc. 1, p. 2.

In his first claim, plaintiff alleges that: he has been confined less than three feet from other inmates; he has been forced into a restroom twice a day for hand washing where the sinks were too close to permit social distancing; he has been forced into an area for meals in which the inmates are inches apart and social distancing is not enforced; he has been provided with only a cloth mask; he was told to sleep head to toe in relation to the inmate in the bunk above him, which exposed him to the coughing and sneezing of his bunk mate; and other staff and inmates did not wear masks, resulting in him contracting COVID-19. Doc. 1, pp. 4-6. Plaintiff further alleges that he still suffers from headaches and loss of smell as a result of COVID. Doc. 1, p. 5.

In his second claim, plaintiff alleges that: he is forced to give medical information daily; that he is scheduled to go into

quarantine, where he will be exposed to a new group of inmates not wearing masks, and where he might be exposed to a new strain of COVID-19; that it is mandatory to submit to a medical examination by the nurse (monitoring of temperature and pulse) in the dorm room rather than in a private setting, in violation of the privacy provisions of the Health Insurance Portability and Accountability Act ("HIPAA"). Doc. 1, pp. 6-8.

In his prayer for relief, plaintiff requests a temporary restraining order directing the warden not to place him in quarantine, stating that this would endanger his health and result in the loss of earned credit. Plaintiff seeks an order for his immediate release from custody. Plaintiff asks for a declaratory judgment stating that his rights have been violated by the manner in which he has been confined; that his HIPAA rights have been violated; that he is entitled to seek monitory damages; and that his confinement constituted cruel and unusual punishment. Doc. 1, p. 10.

Even assuming that plaintiff's claim for loss of good time credits allegedly caused by the decision to confine him in quarantine due to COVID-19 is one which falls within the domain of habeas, plaintiff has advanced other claims challenging his conditions of confinement and alleging violations of his constitutional and statutory rights which are properly brought only in a §1983 action. Because this is a mixed case, the magistrate judge correctly concluded that plaintiff should be required to pay the $400.00 filing fee applicable to civil actions. See Reed v. Mascio, No. 2:08-cv-1088, 2009 WL 88614, at *1 (S.D. Ohio Jan. 12, 2009)(construing a complaint which included both habeas and §1983

5

claims as having been brought under §1983 for purposes of the filing fee requirements of 28 U.S.C. §1915(b)), report and recommendation adopted, 2009 WL 290409 (S.D. Ohio Feb. 5, 2009).

For the foregoing reasons, the court adopts the report and recommendation (Doc. 4). The objection (Doc. 6) is denied. Plaintiff's motions for leave to proceed in forma pauperis (Docs. 3 and 5) are denied.

Plaintiff is ordered to pay the full filing fee of $400.00 within twenty-one days of the date of this order. Plaintiff is advised that the failure to pay the full fee within twenty-one days will result in the dismissal of this action. The court also certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal of this order would not be taken in good faith, and the court denies plaintiff leave to appeal in forma pauperis.

Date: September 16, 2020         _____s/James L. Graham_____
                                 James L. Graham
                                 United States District Judge